■ JOSEPH L. FISHMAN, as Executor of CEFERINO HERNANDEZ, Deceased, et al., Appellants, v DANIEL J. HENRY et al., Defendants, and EVERGREEN THIRD DIVERSIFIED CORP., Respondent.—Order, Supreme Court, New York County, entered September 30, 1977, denying plaintiffs' motion for summary judgment, is unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellants, and plaintiffs' motion for summary judgment of foreclosure is granted, and the matter remanded for further proceedings. In this action to foreclose a mortgage on real property, plaintiffs' papers establish a default in payment on installments and acceleration of the mortgage, an agreement (or counter offer) to accept one half the balance due on certain conditions, the attempt by plaintiffs to withdraw from that agreement and acquiescence by defendants, failure of defendants to make a tender pursuant to the agreement, or to comply with the other conditions of the agreement. The opposing papers consist of an affidavit by an attorney without personal knowledge of the facts making a conclusory statement that there was a tender but with no supporting evidence or details whatsoever, and with no suggestion that other conditions were met. Defendants have thus failed to meet their obligation. "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established, upon a trial * * * An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded." (Di Sabato v Soffes, 9 AD2d 297, 301.) As plaintiffs agree, the $140 received by the mortgagee from the tenant of the premises as rent shall be applied against the balance due under the mortgage. Concur—Murphy, P. J., Silverman, Fein and Markewich, JJ.